## HUNT v. MONROE.

No. 1839.    Decided June 29, 1907 (91 Pac. 269).

1. DIVORCE—SUPPORT OF CHILDREN—ACTION ON FOREIGN DECREE—PARTIES. Though a divorce decree directed that plaintiff husband should pay to a third person for the use and benefit of the minor children a certain sum per month until each of the children should become of the age of eighteen years, yet such third person was without right to maintain an action to recover the same; the right of action therefor being in defendant wife.

2. PLEADING—DEMURRER—GROUNDS—WANT OF LEGAL CAPACITY TO SUE. Want of legal capacity to sue, as used in Revised Statutes 1898, section 2962, declaring the same to be a ground of demurrer, means as a general rule a want of capacity to appear in court and maintain an action, regardless of in whom is vested the right of action.

3. SAME—COMPLAINT—REAL PARTY IN INTEREST—METHOD OF OBJECTION. Where a complaint shows on its face that the right to maintain the action is not in plaintiff, but in another, such defect may be reached by demurrer.

4. EVIDENCE—JUDICIAL NOTICE—LAWS OF ANOTHER STATE. It is the safer rule to require proof of laws of another state relative to the validity and effect of judgments in that state, and not to take judicial notice thereof, under Revised Statutes 1898, section 3374, defining matters of which judicial notice may be taken.

5. DIVORCE—FOREIGN DECREE—CONSTITUTIONAL LAW. Though an action on a decree for alimony or maintenance rendered in one

state may be maintained in another state, if the amount payable is fixed and presently due, yet a decree for alimony or maintenance becoming due in the future and payable in installments is not a final decree enforceable in another state, within Constitution United States, requiring full faith and credit to be given in each state to the judicial proceedings of every other state, until the court which rendered it fixes the specific amount due, either in some proper proceeding in the original action or by an independent action.

APPEAL from District Court, Salt Lake County; M. L. Ritchie, Judge.

Action by Herbert L. Hunt against Charles H. Monroe on a foreign decree for maintenance rendered in a divorce suit. From a judgment for plaintiff, defendant appeals.

REVERSED, WITH DIRECTIONS TO SUSTAIN THE DEMURRER TO THE COMPLAINT.

*W. W. Little* and *M. E. Wilson* for appellant.

*Goodwin & Van Pelt* for respondent.

APPELLANT'S POINTS.

The plaintiff is a mere officer or agent of a court of a foreign state; a *quasi* guardian. As such he has no capacity to sue in his own name in the courts of this state. He is not a trustee of an express trust. As an illustration of his capacity: *Ex parte Gordon* (Cal.), 30 Pac. 516; *Simpson v. Simpson*, 80 Cal. 237, 22 Pac. 167. He cannot sue in a foreign state: *Mining & Mfgr. Co. v. Harris*, 198 U. S. 561; *Curtis v. Smith*, 6 Blatch. (U. S.), 537, 6 Fed. Cases, 3505.

There is no allegation in the complaint that the judgment or decree ordering money to be paid by the defendant to the plaintiff, for the use and benefit of the children is not subject to revision or modification by the court in which it was rendered; therefore said judgment or decree is not final and cannot constitute the basis of an action in the courts of this state. (*Page v. Page* [1905], 189 Mass. 85, 75 N. E. 92,

4 A. E. Am. Cases, 296; *Lynde v. Lynde* [1901], 181 U. S. 183, 45 L. Ed. 810; *Lynde v. Lynde* [1900], 162 N. Y. 405; 48 L. R. A. 679.)

The Colorado judgment upon which this action is based is void for the reason that it was rendered in favor of a stranger to the action between Charles H. Monroe and Mary L. Monroe. (*Sharon v. Sharon*, 75 Cal. 38, 16 Pac. 345; *Jensen v. Hyde* [Colo. App.], 44 Pac. 760; *Dunlap v. Sutherlin*, 63 Tex. 38.) If any cause of action is stated in the complaint, it is one in favor of Mary L. Monroe, and not in favor of the plaintiff, Herbert L. Hunt. (*Page v. Page*, 189 Mass. 85, 75 N. E. 92, 4 A. E. Ann. Cases, 296; *Jensen v. Hyde*, 44 Pac. 760; *Ex parte Gordon* [Cal.], 30 Pac. 516.) This court must presume that the law of Colorado is the same as our own. (*Leather Co. v. Bank*, 9 Utah 87; *Dignan v. Nelson*, 26 Utah 186.) It cannot take judicial notice of that law. (*Hanley v. Donoghue*, 116 U. S., 29 L. Ed. 535; *Railroad v. Wiggins*, 119 U. S. 615, 30 L. Ed. 519.)

Whether we are guided by the general character of such decrees; or by the law of Utah; or even by the law of Colorado; it is undoubtedly true that they are subject to revision or modification by the court of rendition. (*Read v. Read*, 28 Utah 297; *Whitmore v. Harden*, 3 Utah 121; *Stevens v. Stevens* [Colo.], 72 Pac. 1061; *Page v. Page*, 189 Mass. 85, 4 A. E. Ann. 296.)

If he is an agent then of course he cannot sue, we need not discuss this subject. If, however, he is either a guardian or *quasi* receiver in either event his capacity is that which was vested in him by a foreign court. This certainly affirmatively appears that he does not rely upon any domestic authority. but affirmatively relies upon the authority given him by the court of a foreign state. Under such circumstances the demurrer is certainly sufficient. (*D'Auxy v. Porter*, 41 Fed. 68; *Black v. Allen*, 42 Fed. 618; *Railroad v. Brantly*, 96 Ky. 287; *Rhorer v. Land Co.*, 103 Ky. 146; *Swing v. Lumber Co.*, 65 N. W. 174; *Land Co. v. Hoag*, 62 Pac. 189; Beach on Receivers, sec. 698; Bliss on Code Pleading, sec. 261, *et seq.*)

A demurrer for want of capacity to sue, must be directed to some disability of plaintiff appearing upon the face of the complaint. It does not appear that plaintiff is an infant, an alien enemy, that he sues as a corporation without charter or as an executor without letters. (Pomeroy on Code Remedies, sec. 208; Bliss on Code Pleading, sec. 407; *Miller v. Luco,* 22 Pac. [Cal.], 195; *District No.* 110 *v. Feck,* 60 Cal. 405.)

"A demurrer to a complaint on the ground that the plaintiff has no legal capacity to sue has reference only to some legal disability and not to the fact that the complaint does not show a right of action in the plaintiff." (*Campbell v. Campbell,* 121 Ind. 178, 23 N. E. 81.

Under a general demurrer, a defect of parties cannot be considered. If defendant wished to attack the complaint upon that ground, he should have demurred specially upon the fourth statutory ground of demurrer. Not doing so he has waived the objection. (Bliss on Code Pleading, sec. 411; *Henderson v. Turngren,* 9 Utah 432.)

There is however, no defect of parties. At common law the action upon a judgment is either assumpsit or debt. The judgment in Colorado must be deemed a contract made for the benefit of the children in the name of Hunt. (*Post v. Neafie,* 3 *Cai.* [N. Y.] 22; 3 Bl. Com., 160; *Sawyer v. Vilas,* 19 Vt. 43; *Morse v. Toppan,* 3 Gray 411; *McGuire v. Gallagher,* 2 Sandf. 402; *Humphrey v. Persons,* 23 Barb. 313; *Taylor v. Root,* 3 *Keys* [N. Y.] 344; *Johnson v. Butler,* 2 Iowa 283; *Reed v. Eldredge,* 27 Cal. 348; *Stuart v. Landers,* 10 Cal. 372; *Childs v. Harris Man. Co.,* 68 Wis. 231; *Weaver v. Lapsley,* 43 Ala. 224; 1 Pars. on Contracts, 7.)

FRICK, J.

The plaintiff, respondent in this court, filed his complaint in the district court of Salt Lake county, in which the following facts are alleged: "That at all the times hereinafter mentioned the district court, city and county of Denver, Sec-

ond judicial district, in and for the state of Colorado, was a court of general jurisdiction, duly created and organized by the laws of that state. That prior to the 27th day of August, 1902, an action for divorce had been duly commenced by Charles H. Monroe (the defendant herein) against one Mary L. Monroe in said court by the personal service of process on the defendant, and thereafter said defendant duly appeared in said cause by her attorney. That thereafter, and on the 27th day of August, 1902, both said parties appeared in open court, and such proceedings were then and there had that a judgment and decree was duly given and made by said court in favor of the plaintiff, dissolving the bonds of matrimony between the said plaintiff, Charles H. Monroe, and the defendant, Mary L. Monroe, and granting to said defendant, Mary L. Monroe, the sole care and custody of the two minor children of said parties, to wit, Edward T. Monroe, aged twelve years, and Mary C. Monroe, aged fifteen years. That in and by the terms of said judgment and decree it was further adjudged and decreed that the said plaintiff, Charles H. Monroe, pay to the plaintiff herein, Herbert L. Hunt, for the use and benefit of said minor children, the sum of $10 each per month, payable each and every month, from the date of said decree until each of said children should become of the age of eighteen years. That there became due and payable to said plaintiff, for the use and benefit of said minor Mary C. Monroe, prior to becoming eighteen years of age on the 11th day of November, 1904, the full sum of two hundred and sixty-five dollars ($265.00), no part of which has been paid except the sum of thirty dollars, ($30.00) paid thereon on or about the month of April, 1903. That there is now due and payable to the plaintiff for the use and benefit of said minor Edward T. Monroe, the full sum of five hundred and three dollars, ($503.00), no part of which has been paid, except the sum of thirty dollars ($30.00), paid thereon on or about the month of April, 1903. That said minor Edward T. Monroe will not become eighteen years of age until the 21st day of May, 1908. That pursuant to the terms of said judgment and decree said defendant in said action, Mary L.

Monroe, took the sole care and custody of said two minor children, and has ever since kept and retained the same, and has by her own labor and effort kept, maintained, and educated the said children without any assistance from the said Charles H. Monroe, except the sum of sixty dollars ($60.00), as stated in paragraph No. 3. That said Mary L. Monroe has no property, and is dependent solely upon her own labor for her support, and the support and maintenance of said minor children."

Upon the foregoing allegations respondent prayed judgment for the amount of alimony that had accrued up to the time of filing the complaint, and for such additional sum as would become due under the terms of the decree before final judgment in the action, and for costs. To this complaint the defendant, appellant in this court, appeared and filed a demurrer, basing it upon two grounds, to wit: (1) That it appears from the complaint that the plaintiff has not legal capacity to sue, for the reason that upon the face of the complaint it appears that the plaintiff is not the real party in interest; and (2) that the complaint fails to state sufficient facts to constitute a cause of action. The demurrer was overruled, and, the appellant electing to stand thereon and declining to plead further, the court, upon proper proof being made, found that there was due and unpaid of the alimony sued for the sum of $708, and entered judgment in favor of respondent and against appellant for said sum and for costs, from which judgment this appeal is taken.

Two questions are presented by the appeal: (1) Did the respondent have the legal right to maintain the action in his own name? and (2) is the judgment or order sued on a final judgment on which an action can be maintained?

As to the first proposition the fact is palpable that the respondent was neither a party, a beneficiary, nor assignee of the judgment sued on. He was not in any way related to nor interested in the subject-matter of the original action, but was connected with the result thereof merely by being made the recipient of the money as the same was ordered to be

32 Utah—28

paid for the use and benefit of Mary L. Monroe, the party to the orignal action for divorce, and in which the order or alleged judgment sued on was made. As was said in *Page v. Page,* 189 Mass. 86, 75 N. E. 92, where a similar order was considered:

"We construe this decree to be in substance an order to the libelee to pay to libelant the sum named, to be used by her in the support of herself and the child, and that the libelant could enforce against the libelee whatever duty was placed upon him by the decree. The provision that it should be paid to the attorney of the libelant, rather than to her in person, was doubtless inserted for the convenience of the parties."

This, it must be assumed, was the purpose with respect to the order in this case, and, while the respondent had full power to receive and receipt for the payments as they fell due, he had no control over the money and could not, without anything further appearing from the record, sue for and recover the arrears in his own name. The allegations that the suit was instituted for the benefit of another did not alter his relation to the judgment or order sued on, since such an allegation could not bind the real owner of the judgment, and she might sue upon it, if a suit could be maintained thereon, regardless of respondent's action. Of course, if respondent had obtained judgment, and Mary L. Monroe had taken the money realized therefrom, such fact might be set up as a defense in another action brought by her on the same judgment. This would be so by way of an estoppel, however, and not upon the ground of former adjudication. In 23 Cyc. 1507, the rule with respect to parties to actions on judgments is stated thus:

"An action on a judgment must be prosecuted by the real and beneficial owner of it, whose title to it must appear of record or by some formal transfer, and the suit cannot be maintained by a third person not answering these conditions, although the judgment may in some way define his rights or inure to his benefit or protection."

But respondent insists that the question was not properly raised by demurrer, since in the demurrer the alleged ground was a want of legal capacity to sue. It may be conceded that

as a general rule the want of legal capacity to sue, referred to in section 2962, Rev. St. 1898, means a want of capacity to appear in a court and maintain an action, regardless of in whom is vested the right of action. In this state any person of sound mind, of lawful age, and under no restraint or legal disability, has the legal capacity to sue, although it may ultimately appear that he has no cause of action. Where, however, it appears from the face of the complaint, as in this case, that the right to maintain the action is not in the plaintiff, but in another, the complaint is defective for want of a statement of sufficient facts to maintain the action. It is elementary that a complaint good in law must not only state a complete cause of action against the defendant, but it must also show a right of action in the plaintiff. In this respect the complaint in this case was defective, and hence vulnerable by demurrer. That such a defect may be raised by demurrer is amply sustained by the authorities. (15 Enc. Pl. & Pr. 564, 713, where the cases are collected.) In the absence of authority, however, and resting the proposition upon principle alone, why may not a defect of this kind be raised as a question of law, when the defect is made to appear from the face of the complaint? In such event it certainly presents no issue of fact, but purely one of law, to be determined from the allegations contained in the complaint, which are admitted by the demurrer. It follows, therefore, that the court erred in not sustaining the demurrer upon this ground.

This brings us to the second proposition, which seems to us to be one of grave importance with respect to actions based on decrees and judgments of a sister state. It is urged by appellant that the order or judgment for the accumulating alimony or maintenance sued for in this action is not a final judgment, order, or decree, and therefore is not the subject of an action, and does not fall within the protection of the full faith and credit clause of the federal Constitution. Upon the other hand, respondent strenuously contends that it is such a judgment, and entitled to full faith and credit in this state, to the same extent and with like effect as it would have in the state of Colorado, where it was rendered. Authorities are

cited by both parties sustaining their respective contentions. We confess to having been compelled to modify our first impression with regard to the finality of orders or judgments of the character like the one before us. Upon principle the order or judgment sued on, as pleaded, bears on its face the usual prerequisites of a final judgment, as such are defined to be in the books. Judgments are generally defined to be final, for the purpose of basing an action thereon, when the judgment is "a definitive and personal judgment for the payment of money, final in its character and not merely interlocutory, remaining unsatisfied, and capable of immediate enforcement." (23 Cyc. 1503.) The judgment or decree sued on in this case certainly was final to the extent that either party could have prosecuted an appeal therefrom, and thus was not merely interlocutory. It was enforceable as against appellant by execution in the state where rendered, and, as admitted by the demurrer, was unsatisfied, and was for the payment of money only. As to the validity and effect of judgments or decrees granting divorce and alimony in the state of Colorado we are not advised. Upon the question of whether the courts of one state take judicial notice of the laws of another state upon this subject the authorities are in conflict, some holding that in actions on judgments of a sister state, a federal question being involved, under the full faith and credit clause of the federal Constitution, the state courts will take judicial notice of the laws of a sister state upon the subject respecting the validity and effect of judgments; while others, and what appears to be the general view, hold that the laws of other states must be proved as facts in this class as in all other cases. (23 Cyc. 1547, 1548.) Our Code (section 3374, Rev. St. 1898) defines matters of which the courts in this state take judicial notice, and we think the matter respecting the laws of a sister state is not within the provisions of that section. But, be that as it may, it seems to us the safer rule is to require proof of the laws of a sister state in this regard, as well as in all others. Assuming, therefore, the law with respect to divorce and alimony in Colorado to be the same as our own, the judgment was liable to modification by

the court rendering it upon application of either party at any time for good cause shown; and such, under the decisions, seems to be the effect of such judgments in the state of Colorado, as declared by the Supreme Court of that state in the case of *Stevens v. Stevens,* 72 Pac. 1061, 31 Colo. 188. Whether the law still remains so we are not advised.

Respondent's counsel, however, contend that, although the judgment required the alimony to be paid in installments for future support, still the amount was fixed and certain; that while the amount was subject to change, or might be entirely withdrawn by the court, nevertheless the judgment was enforceable for the amount due and unpaid until modified by the court rendering it. It must be conceded that there is much force in this contention, and that it is likewise supported by some courts of great learning and of the highest respectability, as is evidenced by the following cases: *Barber v. Barber,* 21 How. (U. S.) 582, 16 L. Ed. 226; *Arrington v. Arrington,* 127 N. C. 190, 37 S. E. 212, 52 L. R. A. 201, 80 Am. St. Rep. 791; *Wagner v. Wayner,* 26 R. I. 27, 57 Atl. 1058, 65 L. R. A. 816; *Trowbridge v. Spinning,* 23 Wash. 48, 62 Pac. 125, 54 L. R. A. 204, 83 Am. St. Rep. 806; *Knapp v. Knapp* (D. C.), 59 Fed. 641; *Brisbane v. Dodson,* 50 Mo. App. 170. While there are other cases cited by counsel for respondent in support of their contention, and in which similar judgments were enforced, the foregoing cases are all that discuss and directly pass upon the question presented by this appeal. Upon the other hand, counsel for appellant contend that, since the decree or judgment sued on was subject to change or modification at any time by the court of Colorado, it therefore was not a final judgment, and an action could not be maintained thereon; that, not being final, it did not fall within the full faith and credit clause of the federal Constitution and was not protected thereby, and that the question presented is a federal question, upon which the decisions of the Supreme Court of the United States are controlling, and to some extent, at least, binding on this court. In support of their contention they cite authorities of equal learning and respectability, as appears from the following cases: *Lynde v. Lynde,*

41 App. Div. 280, 58 N. Y. Supp. 567; *Lynde v. Lynde*, 162
N. Y. 405, 56 N. E. 979, 48 L. R. A. 679, 76 Am. St. Rep.
332; *Lynde v. Lynde*, 181 U. S. 183, 21 Sup. Ct. 555, 45
L. Ed. 810; *Page v. Page*, 189 Mass. 85, 75 N. E. 92. While
the first three cases are one and the same case, still having
been passed upon by three appellate courts, considering the
same facts, makes the citations fully as strong, if not stronger,
as authority, as though there had been three cases decided
by the same courts falling within the same principle. When
we come to consider the comparative weight of the authorities
cited by both sides, those cited by respondent are affected in
their force or weight, while the ones cited by appellant are
strengthened, by reason of the circumstances surrounding them
which we will now attempt to point out.

To start with, the cases of *Trowbridge v. Spinning* and
*Brisbane v. Dodson, supra,* hardly fall within the class of
the case at bar. In *Trowbridge v. Spinning,* the suit was for
a fixed sum, payable as soon as the decree was entered, and
hence comes within the rule announced by the Supreme Court
of the United States in the *Lynde Case.* In *Brisbane v.
Dodson* the allegations of the complaint were to the effect
that the judgment sued on was final, and not subject to change
or modification by the court rendering it. This case, also, is
not within the class to which the case at bar belongs. *Arring-
ton v. Arrington* and *Knapp v. Knapp* were both decided be-
fore the *Lynde Case* was passed on by the Supreme Court of
the United States, and hence the latter, being a case from an
inferior federal court, is overruled, by implication at least,
by the *Lynde Case,* while the former is by a divided court,
and might not have been decided as it is if the court deciding
it had been confronted with the decision of the court of last
resort on federal questions. This brings us to the only re-
maining case, to wit, that of *Wagner v. Wagner,* decided by
the Supreme Court of Rhode Island in 1904. This is the
only case, decided after the *Lynde Case* was passed on by the
Supreme Court of the United States, which holds to the doc-
trine that a judgment like the one at bar may be sued on in a
sister state before the state court in which it was rendered

has fixed an absolute sum due and payable at some time prior to the bringing of the action thereon. While the case of *Barber v. Barber*, 21 How. (U. S.) 582, 16 L. Ed. 226, was not directly mentioned by the Supreme Court of the United States in deciding the *Lynde Case*, yet it was thoroughly considered and reviewed by both the New York courts, and distinguished from the *Lynde Case;* and the Supreme Court, in its opinion in the *Lynde Case*, sustained the New York courts, and it must be assumed that the Supreme Court of the United States concurred with the New York courts in distinguishing the *Barber Case*. This is of great significance when we remember that all the cases cited by counsel for respondent are based upon the *Barber Case*. If thus *Barber v. Barber* is modified, as stated in the *Lynde Case*, there is little, if anything, left upon which to rely as an authority from the Supreme Court of the United States with regard to the right to sustain actions on judgments such as here in question; and this is clearly the conclusion reached by the Supreme Judicial Court of Massachusetts in the case of *Page v. Page, supra*. The latter case is the only one to which our attention has been called, and which we could find by independent research, that has passed upon the precise question before us now. That case refers to and reviews the *Lynde Cases*, and the court arrives at the conclusion that the Supreme Court of the United States is the final arbiter with respect to what judgments the full faith and credit clause of the Constitution applies, and its decision is binding on the state courts.

The question, as we understand it, in view of the decision in the *Lynde Case*, may be stated thus: That an action upon a judgment or decree for alimony or maintenance rendered by a court of competent jurisdiction of one state, may be maintained in another court of competent jurisdiction of another state, where the amount due or payable is fixed, having a definite sum presently due and enforceable in the state where rendered; but that alimony or maintenance becoming due in the future, payable in installments, is not a final judgment upon which an action can be brought, unless and until the court which rendered it passes upon and fixes the specific amount

due and payable, in some proper proceeding in the original action, or by an independent action, if such can be maintained in the state where the original order or judgment was entered. The mere fact, however, that a specific sum, presently due, is also subject to modification, does not defeat the action in any other state; but the fact that a sum is not specifically fixed as due from one to the other of the parties to the original suit, and certain sums are to become due in the future and payable in installments or otherwise, does defeat the right of action, unless the amount due is ascertained and fixed by some appropriate proceeding before the action on the judgment or order or decree is commenced, as above stated. In view, therefore, that the judgment or decree in this case falls clearly within that class which in the *Lynde Case* is held not to be a final judgment, and hence not within the protection of the full faith and credit clause of the federal Constitution, we have no alternative than to hold that the action cannot be maintained on the judgment as it now stands. The trial court, therefore, erred in overruling the demurrer.

The judgment is reversed, with directions to the district court to sustain the demurrer. Appellant to recover costs.

McCARTY, C. J., and STRAUP, J., concur.