## WIENER v. WEISS, Collector.

## SAME v. ROUTZAHN, Collector.

(District Court, N. D. Ohio E. D. December 9, 1926.)

Nos. 12414, 12429.

1. **Internal revenue** ⊂⊃7(22)—**Lessee of realty under 99-year leases renewable forever having no capital investment, held not entitled to deduct depreciation on buildings in addition to rent and repairs in calculating taxable income (Revenue Act 1918, § 214 (a) (8) [Comp. St. § 6336⅛g]).**

Lessee of realty under 99-year leases renewable forever *held* not entitled, under Revenue Act 1918, § 214 (a) (8), being Comp. St. § 6336⅛g, to deduct depreciation on buildings in addition to all sums paid for rent or for repairs and maintenance in calculating taxable income, regardless of whether leases were personalty or freehold estate in lands; nothing

having been paid by way of bonus or purchase price for any of such leases.

2. **Statutes** ⊂⊃225¾—**Repeated re-enactment of statute after departmental construction is equivalent to adoption of that construction.**

Repeated re-enactment of same provisions of statute after departmental construction thereof is equivalent to adoption and re-enactment of that construction.

3. **Statutes** ⊂⊃225¾—**Departmental construction and er-enactment of statute controls doubtful construction.**

Departmental construction and congressional re-enactment will control construction of statute, otherwise doubtful.

At Law. Separate actions by J. H. Wiener against Harry H. Weiss and against Carl F. Routzahn, as Collectors. Judgments for defendants.

Commins, Brouse, Englebeck & McDowell, of Akron, Ohio, for plaintiff.

A. E. Bernsteen, U. S. Atty., of Cleveland, Ohio, for defendants.

WESTENHAVER, District Judge. These actions are brought to recover income taxes for the years 1918, 1919, and 1920, paid under protest. The conditions precedent to the right to maintain them, have been complied with. They have been heard and submitted upon an agreed statement of facts. As all material facts and questions of law are the same in both cases, they will be disposed of in one memorandum.

[1] The question involved is the right of plaintiff, as lessee of real estate under 99-year leases renewable forever, to deduct depreciation on buildings in addition to a deduction of all sums paid as rent or for repairs and maintenance. This right is claimed under favor of the provisions of the Revenue Act of 1918, in force when the taxes were levied and assessed. Its pertinent provisions are as follows:

"Sec. 214. (a) That in computing net income there shall be allowed as deductions:

\*    \*    \*    \*    \*

"(8) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Comp. St. § 6336⅛g.

The foregoing is an old provision. It is found substantially in the same terms in the Corporation Excise Tax Law of 1909 (36 Stat. 112, § 38). It has been re-enacted in precisely the same form in all subsequent Revenue Acts. It has been given a uniform departmental construction ever since it was

so enacted, and that construction is the one adopted and applied in the present cases.

The object of the law, as well as its effect, is to get an accurate determination of the taxpayer's annual income. If he has capital invested in buildings, and those buildings are used in his trade or business, it is necessary to allow and deduct a reasonable depreciation, in order that his net income may be correctly ascertained. If he has no capital so invested, his net income will be correctly determined by deducting from his gross income all rent paid for the use of the buildings in which he carries on his trade or business. When the facts of the present case are stated and rightly understood, no different situation will be presented.

The plaintiff, during the years 1918, 1919, and 1920, was the owner of 99-year leases renewable forever on 13 separate parcels of real estate. None of these leases were acquired prior to March 1, 1913, the date when the income tax amendment went into effect. On the contrary, nearly all were acquired during the profiteering years 1918 and 1919. He paid no money by way of bonus or purchase price for any one of the leases, but agreed to pay, after having possession, an annual rent at stated intervals. He did not use or occupy any one of them in carrying on any trade or business, but merely sublet the same to tenants, and collected the rents. In ascertaining his net taxable income, he was permitted to deduct all sums paid by him for repairs, maintenance, and upkeep, as well as the full amount of all sums paid as rent. It is stipulated that he was also permitted to deduct depreciation upon all buildings which were erected or paid for by him. All the leases contain forfeiture clauses, permitting the lessor, on 30 days' written notice, to avoid the same and enter into possession, both for failure to pay rent or to comply with any of the other covenants or provisions.

In my opinion, plaintiff's net income from these leases was correctly ascertained. He is not entitled to any other or additional deduction than was given him. Inasmuch as he had no capital investment in these leases, any allowance for depreciation on buildings would be a contribution to his capital account, rather than a deduction, in order to prevent an inclusion of some part of his capital as income. In substance, and for all practical purposes, his annual payment of rent bought only a term for one year in the several leased premises. Hence, when he is permitted to deduct the full amount of the rent paid, together with repairs and maintenance, he is made whole with respect to his net income. Any further and additional allowance by way of depreciation of invested capital would be a mere contribution.

Even if it be true, as is urged, that under the law of Ohio a 99-year lease renewable forever is not personalty, but is a freehold estate in lands, and has many of the attributes of an estate in fee, the situation for income tax purposes is not thereby changed. Nor is it material that the lessee is not exonerated from liability in the event a building may be destroyed, or that he is required to erect a new building within a given period, or that, in the event of the destruction by fire or otherwise of any building, he is required to replace the same with another of equal or greater value, or that he is required to maintain the buildings at their present value or at any stated value. The several leases contain clauses imposing these obligations, and impose forfeiture for failure to comply with them. But the important fact is that, during the several years in question here, the plaintiff did not make any such capital expenditures, and has been permitted to deduct all sums paid for rent or for repair and maintenance, and has been allowed proper depreciation on all buildings erected or paid for by him. It will be time enough to consider the question of allowing depreciation, under any of the conditions above stated, when the contingency shall have happened.

That such a contingency may never happen is evidenced by the history of the leases in question, subsequent to the year 1920. It appears from the agreed statement of facts that leases D and K have been assigned to third persons with the consent of the lessor; that leases E, G, and I have been canceled and surrendered to the lessor; and the leases N and F have been assigned or released to the lessor. Thus, out of 13 leases, 7 have passed out of the picture without imposing on the plaintiff the obligation to invest any capital. If he had been permitted to retain some part of the net income under the guise of a capital depreciation, he would have merely pocketed an unearned increment.

[2, 3] The departmental construction adopted and applied to the plaintiff's tax returns is in accordance with old regulations. Depreciation has never been allowed except to replace capital investment. The capital invested has always been held to be the cost of the property in respect to which the allowance is made, if the property is acquired since March 1, 1913, and, if acquired prior thereto, its value as of that date. Apparently these regulations have never been challenged. In numerous cases before the Board of Tax Appeals

the law has been so construed and applied. The repeated re-enactment by Congress of the same provisions, after this departmental construction was given thereto, is the equivalent of an adoption and re-enactment of that construction. If the meaning of the law were otherwise doubtful, as we think it is not, this departmental construction and congressional re-enactment would be controlling, in accordance with familiar principles. See Trumbull Steel Co. v. Routzahn (D. C.) 292 F. 1009.

Judgment, with costs, will be rendered against plaintiff in defendants' favor. An exception may be noted.