WIENER v. WEISS, Collector of Internal Revenue, et al.

Circuit Court of Appeals, Sixth Circuit.
July 11, 1928.

Nos. 4930, 4931.

1. Internal revenue ⊜⇒25—Treasury office decision must be treated as merely applying to facts then under consideration.

Treasury office decision must be treated by court as Department itself treats such rulings—as merely applying to facts then under consideration.

2. Internal revenue ⊜⇒7(22)—Lessee, under 99-year leases, renewable forever, required to repair and replace buildings, held entitled to deduct depreciation on buildings in calculating taxable income (Revenue Act 1918, § 214 (a) (8); Comp. St. § 6336⅛g (a) (8).

Under Revenue Act 1918, § 214 (a) (8), Comp. St. § 6336⅛g (a) (8), permitting taxpayer to set aside, tax free, a reasonable allowance for exhaustion, wear, and tear of property used in the trade or business, lessee of realty under 99-year leases, renewable forever, engaged in business of subletting properties for shorter terms, *held* entitled to deduct exhaustion, wear, and tear on buildings in computing income tax, where leases required him to maintain buildings at certain value and to replace them at times specified therein.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Actions by J. Harry Wiener against Harry H. Weiss and another, as Collectors of Internal Revenue. Judgments for defendants (17 F.[2d] 650), and plaintiff brings error. Reversed.

Edwin W. Brouse, of Akron, Ohio, and James S. Y. Ivins, of Washington, D. C. (Commins, Brouse, Englebeck & McDowell, of Akron, Ohio, and Holmes, Brewster & Ivins, of Washington, D. C., on the brief), for plaintiff in error.

F. W. Dewart, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (C. M. Charest, General Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for defendants in error.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

MOORMAN, Circuit Judge. Plaintiff in error was engaged in the business of holding property under long-term leases and subletting it for shorter terms for occupancy by or under subtenants. In his income tax returns for 1918, 1919, and 1920, he claimed allowances for exhaustion, wear, and tear of thirteen buildings held by him under 99 year leases, renewable forever. His claims were disallowed, and, after paying the taxes assessed, he brought these suits to recover the amounts which he was required to pay on account of the disallowances. The two causes were tried together in the court below upon an agreed statement of facts. (D. C.) 17 F.(2d) 650.

The leases required the lessee to maintain on the premises buildings of the fair cost or value of not less than a stipulated amount (in some cases greater and in none less than the value of the existing buildings), to keep the buildings in "like condition as the same now are in," and, in case of their destruction or removal from any cause, to replace them with buildings of the fair cost or value of a stated sum (equal to or greater than the value of the existing buildings). In some of the leases there were covenants to erect new buildings at future dates. When these suits were brought, the lessee, however, had invested nothing in new buildings, and the only expenditures that he had made on those that were on the premises when they were leased were for rents and repairs. These expenditures were deducted from his taxable income for the years in which they were made.

It is admitted that there is a natural and normal loss which continuously occurs to a building and which, despite repairs, will in the course of years exhaust it; and it is also admitted that these buildings will be entirely consumed in the lessee's business at least once and perhaps oftener before the leases expire. What the lessee seeks to do is to take care of this exhaustion by establishing an account, free from income taxes, which shall be sufficient to reconstruct the buildings when they shall have been consumed; or, stating it otherwise, he desires to deduct from the annual rental income from each of these buildings that part of the building which was consumed or used in earning this rental income. The government's position is that this exhaustion should not be allowed because, although reflected in the lessee's rents or gross income from the building, it does not represent exhaustion, wear, or tear of any capital that he has invested in the building. [1] We have examined Duffy v. Central R. Co., 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846, and other court decisions cited in argument, but do not find that any of them decides the question presented. Nor do we find from the government's citations, including the regulations issued by the Commis-

sioner of Internal Revenue and approved by the Secretary of the Treasury, that the rulings in these cases were made pursuant to any uniform departmental construction which might be said to have received legislative sanction by the passage of subsequent revenue acts. Indeed, there is no decision of the Department to which we feel there should be given any considerable weight. There are, it is true, expressions in Office Decision 1014 which might be thought to be applicable, but that ruling must be treated as the Department itself treats such rulings—as merely applying to the facts then under considertion.

[2] The Revenue Act under which these taxes were levied permits the taxpayer, in computing net income, to set aside, tax free, "a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence." Comp. St. § 6336⅛g. The language of this provision would seem to prescribe but two requisites to the right of a taxpayer to this allowance: One is that the property shall have been used in his business; and the other that he is the one who must suffer and bear the burden of the loss or depreciation. This also seems true from the further point of view that the purpose of the Revenue Act is to tax only gain, and the amount thus allowed to be set aside is not gain, but is capital which has gone into gross income. United States v. Ludey, 274 U. S. 295, 47 S. Ct. 608, 71 L. Ed. 1054. Whether it is the capital of the one who has used the property in his business or of some one else depends, of course, upon the environal facts. It is not necessarily the capital of the holder of the legal title, who, as in this case, may be protected by the undertakings of the lessee; nor is it the capital of a user, who is under no obligation to make restitution. It is, it seems to us, the capital of the one who is responsible for the property—the owner or the person responsible to the owner for it—and who also uses and consumes it in his business; and that means of course that one may not have the legal title, or may not have paid anything for the property, and still have the right to this capital deduction, since he may have an equitable interest as valuable as the property itself, or may be so obligated to the holder of the legal title to maintain or restore the property that the investment becomes his own. This is the situation of the lessee in these cases. He is responsible for the buildings, must keep them in the condition in which they were when he took the leases, and, if they are consumed, as they will be in his business, or are destroyed or removed, he must replace them. For every practical purpose they are his buildings, and in our opinion they are his capital so far as they are consumed in his business.

The government contends that to permit the lessee to take this depreciation would be to enable him to accumulate a capital investment, tax free. This we think is a misapprehension, because, if the leases should be surrendered or canceled when the buildings first become exhausted, the depreciation fund would be consumed in restoring them, or if they should be surrendered at some later period, when the buildings had once been replaced but had not again become exhausted, the accumulation again would be required to restore them from their partially exhausted condition. There would never, therefore, be an accumulation of capital, but only a return of capital as it was exhausted. If, on the other hand, the depreciation should not be allowed and the leases should be surrendered or canceled when the buildings are exhausted, the lessee would be required to replace the buildings from rentals upon which he had paid income taxes, the effect of which would be to require him to pay taxes upon capital. We think he is entitled to the allowance.

Judgment reversed.