Marcella C. Salapatas v. Commissioner.
Salapatas v. Commissioner
Docket No. 5584-67.
United States Tax Court
T.C. Memo 1969-230; 1969 Tax Ct. Memo LEXIS 65; 28 T.C.M. (CCH) 1205; T.C.M. (RIA) 69230; October 29, 1969. Filed John F. Kelly, 1522 First National Bldg., Chicago, Ill., for the petitioner. Richard M. Kates, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The Commissioner has determined deficiencies and additions to tax in the income tax *66 of petitioner for the following taxable years in the respective amounts: Year
Deficiency
Addition to taxSec. 6653(a),I.R.C. 1954
1961
$481.40
$24.07
1962
527.40
26.37
1963
542.00
27.10
1964
498.92
24.95
1965
361.04
18.05
The issues presented are: (1) whether certain payments made during each year to petitioner by her divorced husband in pursuance of the terms of a divorce decree are includable in the gross income of the petitioner, (2) whether the years 1961 and 1962 are barred by the statute of limitations, and (3) whether respondent has erred in adding to the taxes under section 6653(a), I.R.C. 1954. This case has been fully stipulated and submitted under Rule 30 of this Court. The facts contained in the stipulation are found accordingly. At the time of the filing of her income tax returns for the years at issue, petitioner resided at Chicago, Illinois. Her returns were timely filed on the cash basis 1206 with the district director of internal revenue in that city. On February 27, 1958, petitioner Marcella Salapatas was divorced from her husband, John Salapatas, by a decree of the Superior Court of Cook County, *67 Illinois. The decree specifically adopted an agreement of the parties entered into prior thereto settling the questions of property division, alimony, and child support and custody. The terms of the agreement were in fact recited in the decree and thus required John to pay the sum of $20,000 to petitioner at the rate of $50 per week until the sum of $20,000 had been paid, without interest, unless in the meantime petitioner should die, in which event John was to have no further liability to make such payments. He was, however, required to support the child of the parties in the event the petitioner died before the child reached majority. The payments referred to were decreed to be "in lieu of all rights, claims and demands" of petitioner "to alimony from the Defendant," and "in lieu of child support during the period of the child's minority." In case of the death of John while a balance of the $20,000 amount remained unpaid, the entire balance was to become payable immediately and constitute a claim against his estate. The decree placed title to the home of the parties and the furnishings thereof in petitioner. Petitioner had pending a suit for personal injuries against third parties. *68 The decree divested John of any interest in that cause of action. The record does not show, nor does the decree indicate, that the parties to the divorce action possessed any other property or property rights except the personal possessions of John located in the home, which possessions were granted to him. Petitioner was granted the custody of their 14-year-old daughter and in addition the decree imposed upon her the duty to care for and educate the child. No portion of the decree however made any other specified provision for her financial support. In pursuance of the terms of the decree, John has paid to petitioner at the rate of $50 per week the sum of $2,600 in each of the years 1961 through 1964, and $2,000 in the year 1965. Petitioner has included none of these amounts as gross income in her returns for those years. For each of the years 1961 and 1962, petitioner reported other taxable income in the amount of only $3,000. Petitioner now contends that the amounts paid her by John under the decree of divorce are installment payments of a principal sum payable in less than 10 years and are therefore not taxable income to her under section 71(c). [1] Respondent, on the other *69 hand, contends that the $20,000 amount referred to in the decree is not a "principal sum" under that section because of the fact that the $50 payments are, by the decree, required to be paid only in case petitioner is alive, thereby rendering the "principal sum" indeterminate rather than specific as required by that section of the Code. He urges that the $50 payments are periodic payments arising from John's marital obligation to support his former wife and his child and are therefore in the nature of alimony and taxable to petitioner under section 71(a) [2] and the regulations thereunder. *70 We find such payments to be periodic and intended to be for the support of petitioner and her child and therefore taxable to her. There is no longer any doubt that in adopting section 71 Congress intended to 1207 use language which would be uniform in its effect in each State of the Union; that it intended to nullify the unequal impact of its terms which might arise were the words "alimony" and "property settlement" to be used, due to the differing interpretations and statutory provisions with respect thereto in many jurisdictions. Wilma Thompson, 50 T.C. 522 (1968). It is clear, however, that by the phrase "periodic payment" is meant a payment for the support of a wife, child, or both in the nature of alimony and that by the phrase "installment payment" is meant the carrying out of the terms of a property settlement. See Martha K. Brown, 50 T.C. 865 (1968). The payments here in question clearly bear the earmarks of support payments for petitioner and her daughter. First, there is no other provision of the decree which is remotely related to support for them in the face of the fact that petitioner had the duty under the decree to care for and educate *71 the daughter. Certainly such income as she reported in 1961 and 1962 would seem to be insufficient to support herself and her daughter in addition to maintaining and paying the taxes on the real property allotted to her by the decree. Second, the payments, being payable only during petitioner's life, indicate strongly that they were intended as support money. Thirdly, all of the property shown by the record to have been owned by the parties at the time of the divorce is allotted to the parties by the decree through provisions thereof separate and distinct from those requiring the $50 weekly payments. As we read the divorce decree, the most which can be said for its use of the $20,000 amount is that such figure places a time limit upon the number of years John is required to make the $50 per week support money payments during the life of petitioner. We find the phrase "in lieu of * * * alimony" as used therein, taken in context, militates against the contention that the payments had any relationship to a property settlement. Certainly, if the contrary were true, it would be expected that the record would show the existence of other property than that specifically disposed of by the *72 decree to which the weekly payments could be ascribed. We hold that the $20,000 sum referred to in the decree is not the "principal sum" referred to in section 71(c)(1) because of the condition that the weekly payments are to be made only during the life of petitioner, thereby rendering the amount of the "principal sum" not specified as the statute requires, but conditional and indeterminate. See section 1.71-1(d)(3)(i)(a) and (b), Income Tax Regs.
We are asked to hold invalid section 1.71-1(d)(3), Income Tax Regs., as being contrary to the intent of Congress in seeking uniformity in the application of section 71 throughout the States. Because of Congress' reenactment of that section without substantial change, and the fact that the regulation has remained in existence through such reenactment, we find that Congress has effectually evidenced its approval of its expression of congressional intent and decline to disturb its validity. Wiener v. Weiss, 27 F. 2d 200 (C.A. 6, 1928). The $50 weekly payments by John to petitioner are properly to be included in her gross taxable income for the years here involved. We have held as above because *73 petitioner's plea of the statute of limitations as to 1961 and 1962 must fail under section 6501(e), she having failed to report for those years an amount properly reportable which is in excess of 25 percent of the amount of gross income which she reported in those returns, thus extending the time for issuance and service of the notice of deficiency to 6 years after her returns were filed. [3]
While it may be that petitioner had grounds for failing to report the weekly payments from John which would negate a finding of negligence or intentional disregard of the respondent's rules and regulations under section 6653(a), she has failed to disclose such grounds *74 to us. We therefore hold respondent's additions to tax under that section to be proper. Decision will be entered for the respondent. 1208 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of Divorce or Separate Maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. (2) Written Separation Agreement. - If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. (3) Decree for Support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly.↩
3. SEC. 6501(e) Substantial Omission of Items. - Except as otherwise provided in subsection (c) - (1) Income Taxes. - In the case of any tax imposed by subtitle A - (A) General Rule. - If the taxpayer omits from gross income an amount properly includable therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. * * *↩