**MYERS**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 13822.

United States Court of Appeals
Ninth Circuit.
May 10, 1954.

Ransom W. Chase, Chase, Rotchford, Downen & Drukker, Los Angeles, Cal., for petitioners.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Hilbert P. Zarky, Joseph P. Gotten, John J. Kelley, Jr., Sp. Assts. to Atty. Gen., Charles W. Davis, Chief Counsel, Bureau of Internal Revenue, Washington, D.C., for respondents.

Before MATHEWS, STEPHENS and BONE, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, Rudolf B. S. Myers, and Mary Elizabeth Myers, hereafter called Mrs. Myers, residents of Los Angeles County, California, were husband and wife at all pertinent times prior to July 2, 1945. On or as of June 1, 1945, petitioner and Mrs. Myers made and executed a property settlement agreement, the pertinent provisions of which were as follows:

"Whereas, the wife [Mrs. Myers] is about to commence an action against the husband [petitioner] for divorce in the Superior Court of the State of California in and for the County of Los Angeles, and

"Whereas, it is the desire of the parties [petitioner and Mrs. Myers] to settle and establish the character of their respective property rights, * * * to make a full, complete and final adjustment, segregation and division of all their property rights, * * * to provide for the * * * support * * * of the wife and to fully and finally fix and determine all matters arising out of or in any manner connected with their marital relationship, * * *

"Now, therefore, in consideration of the premises and of the covenants and agreements herein contained, the parties hereto do hereby mutually agree as follows: * * *

"Seventh: The husband agrees to pay to the wife for her support, maintenance and care, and in consideration of her execution hereof, the sum of Two Hundred Fifty Dollars ($250) a month, in advance, during the period commencing on June 1, 1945, and continuing until May 31, 1951, after which date the husband shall not be called upon or required to pay to the wife any amount for her support, maintenance and care. The remarriage of the wife shall not relieve the husband from the performance of his obligations in this paragraph contained."

Thereafter, prior to July 2, 1945, Mrs. Myers commenced a divorce action against petitioner in the Superior Court of the State of California in and for Los Angeles County. In that action, Mrs. Myers obtained an interlocutory decree of divorce on July 2, 1945, and a final decree of divorce on October 8, 1946.[1] The decrees approved, and required the parties to comply with, the agreement of June 1, 1945. Pursuant thereto, petitioner, in 1946 and 1947, made to Mrs. Myers 24 monthly payments of $250 each—12 in 1946 and 12 in 1947.

In his income tax returns for 1946 and 1947, petitioner, in computing his net income, deducted from his gross income the 24 payments mentioned above. Respondent, the Commissioner of Internal Revenue, disallowed the deductions and accordingly determined that there were deficiencies in respect of petitioner's income taxes for 1946 and 1947. Petitioner petitioned the Tax Court for a redetermination of his income tax liability for those years. The Tax Court, after a hearing, entered a decision sustaining respondent's determination. Petitioner seeks review and reversal of that decision.

The question presented is whether, under §§ 22 and 23 of the Internal Revenue Code, 26 U.S.C.A. §§ 22, 23, the 24 payments mentioned above were includible in Mrs. Myers' gross income and were de-

---

1. The decrees were called judgments.

ductible in computing petitioner's net income for 1946 and 1947. The pertinent provisions of §§ 22 and 23 are as follows:

"§ 22. Gross income \* \* \*

"(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of \* \* \* a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife \* \* \*. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; \* \* \*."

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions: \* \* \*.

"(u) Alimony, etc., payments. In the case of a husband described in section 22 (k), amounts includible under section 22 (k) in the gross income of his wife, payment of which is made within the husband's taxable year. \* \* \*"

The Tax Court held that the 24 payments mentioned above were installment payments discharging a part of an obligation the principal sum of which was specified in the seventh paragraph of the agreement of June 1, 1945, and that therefore they were not includible in Mrs. Myers' gross income and were not deductible in computing petitioner's net income for 1945 and 1947.

The Tax Court's holdings were clearly erroneous. No principal sum was specified in the seventh paragraph of the agreement of June 1, 1945. Therefore the 24 payments mentioned above were not installment payments discharging a part of an obligation the principal sum of which was so specified.[2] They were periodic payments received by Mrs. Myers subsequent to the decree of July 2, 1945,[3] in discharge of an obligation which, because of the marital relationship, was imposed upon and incurred by petitioner under the agreement of June 1, 1945, and the decrees of July 2, 1945, and October 8, 1946. Therefore they were includible in Mrs. Myers' gross income and were deductible in computing petitioner's net income for 1946 and 1947.[4]

Decision reversed.

---

2. Cf. Baker v. Commissioner, 2 Cir., 205 F.2d 369; Smith's Estate v. Commissioner, 3 Cir., 208 F.2d 349; Landa v. Commissioner, D.C.Cir., 211 F.2d 46.

3. Petitioner and respondent agree that the decree of July 2, 1945, was a decree of divorce, within the meaning of § 22(k).

4. See cases cited in footnote 2.