CLAY W. PREWETT, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43632.   Filed May 11, 1954.

*R. E. McGannon, Esq.*, for the petitioner.
*Marvin E. Hagen, Esq.*, for the respondent.

272

OPINION.

Withey, *Judge:* The petitioner seeks to deduct under section 23 (u) of the Internal Revenue Code the $270 monthly payments paid to his former wife during 1947. The issue is whether the payments were periodic payments, as the petitioner contends, or were install-ment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree of divorce or an instrument incident thereto within the meaning of section 22 (k) of the Code, as the respondent contends.

In support of his position the petitioner first contends that under the terms of the property settlement agreement and the decrees of

divorce incorporating it therein, the obligation to make alimony payments was not specified in a principal sum because if his earning capacity should be reduced, the alimony payments would be reduced accordingly.

The respondent maintains that the payments were installment payments on a principal sum, the principal sum being determined by simple arithmetic, $270 times 24, or $6,480, to be paid within a period of less than 10 years from the date of the divorce decree.

The payments in question were alimony payments; they were received by a former wife who was divorced; they were in discharge of a legal obligation imposed on the husband under the decrees of divorce; and were paid subsequent to the divorce.

The theory of petitioner's claim as to reduction in earning capacity is that the "earning capacity" referred to in the property settlement agreement between him and his wife, and by reference thereto in the divorce decrees, refers to and means net earnings after payment by the husband of his unreimbursed living expenses. His testimony in this case, given its most advantageous meaning in favor of the petitioner, is, we think, insufficient foundation upon which to conclude that the petitioner is correct in his claim here. Basing his claim, as he does, upon the proposition above mentioned, he shows us but the following: That his salary in Hollywood, California, was $450 per month; that his salary after his transfer to Chicago was $500 per month; that all of his living expenses in North Hollywood were reimbursed to him; that in Chicago he did very little work away from that city and, therefore, was forced to maintain living quarters there and to pay the major proportion of his living expenses; and that with her consent he reduced the amount of the alimony payments to his former wife. He concludes that the net result of a comparison of net income to him between the 2 localities amounts to a lessened net income after payment of unreimbursed living expenses from and after his transfer to Chicago. Upon the basis of this conclusion on the part of petitioner, he asks us to find that conclusion as a fact. This we are unable to do. The burden of proof is upon petitioner. He has failed utterly to furnish us sufficient proof from which we may determine whether or not the conclusion reached by him is correct. His failure in this respect lies in the fact that although he bases his contention heavily upon his comparative unreimbursed living expenses in North Hollywood and Chicago, he has failed to indicate what those expenses consisted of and the amount of the same. In effect, therefore, he asks that we make our determination of fact in that respect by completely accepting and adopting the conclusion of petitioner and his former wife that his net income was reduced after his transfer to Chicago.

We, of course, are unable to adopt that conclusion. We indicated in *J. B. Steinel*, 10 T. C. 409, that "the word 'obligation' is used in section 22 (k) in its general sense and includes obligations subject to contingencies where those contingencies have not arisen and have not avoided the obligation during the taxable years." See also *Estate of Frank P. Orsatti*, 12 T. C. 188, and *James M. Fidler*, 20 T. C. 1081. It is true these cases indicate that where a contingency has arisen which, under the terms of the agreement or decree, requires a reduction in payments which in turn has the effect of eliminating from those documents any fixed or determinable amount of alimony, the payments thereby become periodic payments deductible by the payor, but proof of the happening of such a contingency is nevertheless necessary in order for petitioner to here prevail. The mere showing of a reduction in the payments called for by the decrees and settlement agreement is insufficient unless we are also shown that that reduction was the result of the occurrence of a contingency referred to in either the decrees or settlement agreement. We are shown here that the payments were reduced by consent of petitioner's former wife, but for failure of petitioner to indicate to us the comparative cost of his unreimbursed living expenses referred to above we are not shown that the agreed-to reduction in payments was based upon any contingency referred to in the settlement agreement or decrees.

As an alternative contention, the petitioner urges that his obligation to make alimony payments was not specified in a principal sum because under the settlement agreement and decrees the alimony payments would terminate upon the remarriage of his former wife. In support of his position he relies upon *Baker* v. *Commissioner*, 205 F. 2d 369. There the Court of Appeals for the Second Circuit reversed our holding at 17 T. C. 1610 and held that the contingency of remarriage rendered impossible the ascertainment of a principal sum specified in the decree, and as a consequence concluded that the payments were periodic, rather than installment, and were deductible. The petitioner recognizes that in *James M. Fidler*, *supra*, we considered the holding of the Court of Appeals in the *Baker* case but declined to follow it. However, he requests that we revoke our action there and follow the decision of the Court of Appeals. After carefully considering the matter we are of the opinion that the position we took in the *Fidler* case is proper and we find nothing in the instant case to warrant a departure therefrom. The contention of the petitioner is denied.

*Decision will be entered for the respondent.*