Benjamin DAVIDSON, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13767.

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1955.

Neil D. McCarthy, Los Angeles, Cal., for appellant.

H. Brian Holland, Asst. Atty. Gen., Dudley J. Godfrey, Ellis N. Slack, Robert N. Anderson, Alonzo W. Watson, Jr., Spec. Assts. to Atty. Gen., Charles W. Davis, Chief Counsel, I.R.S., Washington, D. C., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

STEPHENS, Circuit Judge.

Davidson petitions this court for review of a decision of the Tax Court sustaining a $388.05 deficiency assessed against him by respondent.

Petitioner's wife secured an interlocutory decree of divorce from him. The property settlement agreement incorporated by the court in the decree provided in material part as follows:

"Seventh: The husband * * * to pay to the wife the sum of * * * $250.00 per month for a period of five (5) years for the support and maintenance of herself and the minor children. * * * However, if the wife shall remarry at any time within the five year period then thereafter the said monthly installment is to be reduced to the sum of * * * $125.00 per month * * * for the support and maintenance of the said minor children. * * *"

Petitioner paid his wife the sum of $3,000.00 for the taxable year 1947 and claimed such sum as a deduction from his gross income. Respondent commissioner disallowed said $3,000.00 deduction on the ground that it did not constitute a proper deduction under § 23(u) of the Internal Revenue Code. The Tax Court sustained respondent and petitioner appeals from that portion of the decision disallowing the sum of $1,500.00 as a deduction for alimony payments of $125.00 per month to his wife, such payments not being for the support and maintenance of the minor children.

Petitioner claims the deduction pursuant to §§ 22(k) and 23(u) of the Internal Revenue Code,[1] the pertinent provisions of which follow:

"22. Gross income

\* \* \* \* \* \*

"(k) Alimony, etc., income. In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife * * *. Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection * * *."

---

1. 26 U.S.C.A. §§ 22 and 23.

"23. Deductions from gross income. In computing net income there shall be allowed as deductions:

\* \* \*

"(u) Alimony, etc., payments. In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. \* \* \* "

The sole question presented in this appeal is whether the disputed payments made by petitioner in the taxable year 1947, were periodic payments, deductible by him under §§ 22(k) and 23(u), or were installment payments "discharging a part of an obligation the principal sum of which is \* \* \* specified in the decree \* \* \* ", and as such taxable to him under the same sections? The property settlement agreement (supra) specifies not total sum, providing instead for payment of $250.00 monthly for a maximum of five years. Of these payments, $125.00 monthly was allocable to the support and maintenance of petitioner's wife and $125.00 to the support and maintenance of the minor children.

It is the contention of respondent that the principal sum though not specified as a total figure, is specified in the form of a simple mathematical calculation inasmuch as both the amount of monthly payments and the designated number of months are incorporated in the decree. This contention ignores the possibility that the wife may either die or remarry before the expiration of the period delineated in the decree. In either event the payments would terminate. The existence of these contingencies makes it impossible to determine in advance with any degree of accuracy the amount to be paid under the decree. Section 22(k) clearly contemplates an amount definite in nature. This court recently decided under similar circumstances in Myers v. Commissioner of Internal Revenue, 9 Cir., 1954, 212 F.2d 448, that where a property settlement agreement contained no total sum, providing instead for monthly payments for

the wife's support and maintenance over a designated number of months, the principal sum is not calculable and the payments are to be considered periodic payments, not installment payments discharging a part of an obligation the principal sum of which was specified. Such periodic payments are deductible by the husband under §§ 22(k) and 23 (u) in computation of his net income. See also Smith's Estate v. Commissioner, 3 Cir., 1953, 208 F.2d 349, and Baker v. Commissioner, 2 Cir., 1953, 205 F.2d 369.

The order of the Tax Court is modified in accordance with this opinion.