**Clay W. PREWETT, Jr., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15225.**

United States Court of Appeals Eighth Circuit.

April 12, 1955.

R. E. McGannon, Kansas City, Mo. (Harlow B. King and Joseph A. Hoskins, Kansas City, Mo., on the brief), for petitioner.

C. Guy Tadlock, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack, Hilbert P. Zarky and

George F. Lynch, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

Clay W. Prewett, Jr., in his income tax return for the year 1947, took a deduction of $3,240 for alimony payments made to his divorced wife during that year. The Commissioner of Internal Revenue determined that the payments were installment payments, and not periodic payments, and therefore nondeductible under Sections 22(k) and 23(u) of the Internal Revenue Code. 26 U.S.C. (1952 Ed.), §§ 22(k) and 23(u), 26 U.S. C.A. §§ 22(k) and 23(u).[1] This resulted in the assessment by the Commissioner of a deficiency of $744.42 against Prewett. He petitioned the Tax Court for a redetermination. That court sustained the Commissioner. We are now asked to review and reverse the decision of the Tax Court. 22 T.C. 270.

The Prewetts were divorced by an interlocutory decree of a California court entered December 10, 1946. The decree incorporated a property settlement agreement entered into by Prewett and his wife on October 30, 1946. This agreement, in part, provided:

"That the wife shall receive Two Hundred Seventy ($270.00) Dollars per month alimony for a period of two (2) years commencing upon the date of the Interlocutory Decree.

"That in the event she should be married prior to the aforesaid term, the payment of alimony shall cease upon the date of the re-marriage.

"It is further understood, that the aforesaid alimony payment is based upon the husband's present earning capacity of Four Hundred Fifty ($450.00) Dollars per month, in the employ of the California Maine Corporation of San Francisco, and the Pacific Gas Corporation, and in the event that there is a material reduction in his earning capacity, that the aforesaid alimony shall be reduced in accordance with his reduced income."

At the trial of this case the petitioner introduced evidence tending to show that, at the time he entered into the property settlement agreement, he anticipated that his wife might remarry within the two-year period during which alimony payments were to be made, and also anticipated that his earning capacity might be reduced to such an extent as to disable him from paying his divorced wife $270 monthly. His evidence also tended to show that his earning capacity was reduced, and that in the fall of 1947, by agreement with his former wife, his payments to her beginning early in 1948 were reduced to $200 a month, and that the last two payments were cancelled. It is doubtful that the petitioner's testimony was of any substantial consequence, except perhaps to indicate that the provisions in the prop-

[1]. "§ 22. Gross income.
* * * * *
"(k) Alimony, etc., income.
"In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received subsequent to such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife, * * *.

Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; * * *."
"§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:
* * * * *
"(u) Alimony, etc., payments.
"In the case of a husband described in section 22(k), amounts includible under section 22(k) in the gross income of his wife, payment of which is made within the husband's taxable year. * * *"

erty settlement agreement that the monthly payments should end on the re-marriage of the wife and should be reduced if the petitioner's earning capacity was diminished, were reasonable and were inserted in good faith and not with an eye upon tax consequences.

It is conceded that the payments made by the petitioner to his divorced wife were alimony payments made subsequent to the decree of divorce and in discharge of a legal obligation imposed by that decree. Therefore the only question for decision was whether the payments were "Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree * * *" or in the property settlement agreement. The contention of the respondent, as stated by the Tax Court in its opinion, is that "the payments were installment payments on a principal sum, the principal sum being determined by simple arithmetic, $270 times 24, or $6,480, to be paid within a period of less than 10 years from the date of the divorce decree."

The determination of the Tax Court in this case that the alimony payments made by the petitioner in 1947 were nondeductible installment payments on a specified principal sum, while consistent with its former decisions in similar cases, is contrary to rulings of United States Courts of Appeals in the following cases: Baker v. Commissioner, 2 Cir., 205 F.2d 369; Smith's Estate v. Commissioner, 3 Cir., 208 F.2d 349, 353; Myers v. Commissioner, 9 Cir., 212 F.2d 448; Davidson v. Commissioner, 9 Cir., 219 F.2d 147; Fidler v. Commissioner, 9 Cir., —— F.2d ——. These cases, in substance, hold that where monthly payments of alimony are contingent and uncertain, and may be reduced or terminated upon the happening of certain events, a principal sum payable in money is not specified and the payments are periodic and therefore deductible.

So far as possible, and particularly with respect to questions of federal taxation, there should be uniformity of decision among the circuits. Unless we were convinced and could demonstrate that the cases we have referred to were incorrectly decided, we would not be justified in refusing to follow them. Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85. We think the cases which support the petitioner's contention that the alimony payments to his wife were deductible were not incorrectly decided and that they require the reversal of the decision of the Tax Court in the instant case.

The decision of the Tax Court is reversed.