JOHN A. ISFALT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51801.    Filed June 24, 1955.

*Frank N. Howard, Jr., Esq.*, for the petitioner.
*John L. Carey, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* Respondent determined a deficiency in income tax for the taxable years 1950, 1951, and 1952 in the total amount of $1,554.09. Petitioner's returns for the years in question were filed with the collector of internal revenue for the district of Indiana.

The issue involved is whether the payments made by petitioner pursuant to a separation and property settlement agreement entered into by petitioner and his former wife, and made a part of their divorce

decree, are periodic payments within the meaning of section 22 (k) of the Internal Revenue Code of 1939.

Other adjustments in petitioner's returns have been made by respondent, and the parties have stipulated the amount of the deficiency conditional upon our determination of the alimony question.

All of the facts have been stipulated, are so found, and are included herein by reference. Those facts necessary to an understanding of the issue involved are set forth below.

Petitioner is an individual residing in Linden, Indiana. He and his former wife, Acie Isfalt, entered into a separation and property settlement agreement on April 18, 1950, which insofar as material here provided as follows:

The said John A. Isfalt further agrees to pay to the said Acie Isfalt the sum of Twenty-four Thousand dollars ($24,000.00) payable as follows: the sum of two hundred dollars ($200.00) shall be paid on the first day of the month succeeding the month of the execution of this instrument and the sum of two hundred dollars ($200.00) shall be paid on the first day of each calendar month thereafter for a total period of ten (10) years from the time of the execution of this agreement or until the full sum of twenty-four thousand dollars ($24,000.00) has been paid. No interest shall be chargeable upon the installment payments unless they become delinquent thirty (30) days or more and then interest shall accrue on delinquent installments at the rate of six (6) per cent per annum from the due date of such installments.

It is expressly agreed that in the event of the death or remarriage of the said Acie Isfalt, if a divorce is granted to her, prior to the completion of the payments on said sum of twenty four thousand dollars ($24,000.00) as herein provided, then the unpaid amounts which have not become due shall be discontinued and all payments not yet accrued shall become null and void and this agreement shall be fully paid and satisfied, provided however, that all payments accrued to the time of the death or remarriage of the said Acie Isfalt, together with interest as hereinbefore provided shall be paid and remain an obligation under this agreement.

It is further agreed that in the event a divorce is granted between the parties the said Acie Isfalt shall be given a judgment for the said sum of twenty four thousand dollars ($24,000.00) payable as herein provided and such judgment shall provide for the discontinuance of the payments in accordance with this agreement. It is agreed that said judgment shall expressly provide that all payments to be paid under this agreement and under such judgment shall be a lien upon the real estate * * * of the said John A. Isfalt and shall remain a lien until the full sum of twenty four thousand dollars ($24,000.00) has been paid as provided herein unless discontinued by reason of the death or remarriage of the said Acie Isfalt as herein provided. Such judgment shall be without relief from valuation or appraisement laws, and may be paid prior to due date.

On April 19, 1950, a judgment and decree of divorce was granted by the Montgomery Circuit Court, Montgomery, Indiana, to Acie Isfalt against petitioner. The formal decree of divorce ordered as follows:

IT IS THEREFORE considered and ordered by the court that the bonds of matrimony existing between plaintiff and defendant herein be, and they are hereby

dissolved and that plaintiff is hereby granted a divorce from defendant. It is further adjudged by the court that defendant take nothing on his cross complaint.

It is further considered and adjudged by the court that plaintiff have and recover of and from the defendant the sum of twenty-four thousand dollars ($24,000.00) alimony against defendant. That said judgment for alimony shall be payable as follows: the sum of two hundred dollars ($200.00) shall be paid on May 1, 1950 and the sum of two hundred dollars ($200.00) shall be paid on the first day of each calendar month thereafter until the full sum of twenty-four thousand dollars ($24,000.00) has been paid.

* * * In the event of the death or remarriage of the plaintiff, all payments not accrued or due at the time of such death or remarriage shall be discontinued, and said judgment fully paid satisfied and released.

Petitioner's principal source of income was derived from farming, and each of his returns for the taxable years involved here included therewith a Form 1040–F Schedule of Farm Income And Expenses. On page three of each of these forms, petitioner deducted amounts designated as monthly support along with his deductions for regular farm expenditures. The amounts deducted as monthly support payments for 1950, 1951, and 1952 were $1,600, $2,400, and $2,400, respectively. Petitioner used the optional standard deduction for the taxable years involved.

The alimony payments petitioner made to his former wife are deductible under section 23 (u) of the Internal Revenue Code of 1939, if they are includible in her income under section 22 (k). The latter section requires a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance to include in her income periodic payments (whether or not made at regular intervals) which are received subsequent to the decree and are in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by the husband under the divorce decree or a written instrument incident to the divorce. Section 22 (k) further provides:

Installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument shall not be considered periodic payments for the purposes of this subsection; * * *

Petitioner first contends that his payments to his former wife were periodic payments within the meaning of section 22 (k), and not "Installment payments discharging a part of an obligation the principal sum of which is * * * specified in the decree or instrument." His reasoning is that there is no principal sum of his obligation specified, since the amount he will have to pay is not definitely ascertainable because of the possibility that the required payments will cease by virtue of his wife's remarriage or death. He relies on *Baker* v.

*Commissioner*, (C. A. 2) 205 F. 2d 369, reversing in part 17 T. C. 1610. In that case a separation agreement incorporated in the divorce decree provided that the husband was to pay the wife $300 per month from September 1, 1947, to August 31, 1952, but that, should she die or remarry the obligation to make the payments thereafter would cease. In 17 T. C. 1610, at page 1614, we held that this amounted to an obligation to pay a principal sum specified in the decree, saying: "Simple arithmetic indicates that the principal sum to be paid was $15,600." We relied on *J. B. Steinel*, 10 T. C. 409; *Estate of Frank P. Orsatti*, 12 T. C. 188; and *Harold M. Fleming*, 14 T. C. 1308.

In reversing us on this point and rejecting the theory of the *Steinel* case the Court of Appeals for the Second Circuit held that the contingencies of the wife's death or remarriage prevented there being a principal sum or an "amount of a fairly definite character." Before reaching this conclusion, however, the court pointed out,

Section 22 (k) differentiates "periodic payments" and "installment payments." The latter, as the wording shows, must be parts of a "principal sum." *Here no such sum was explicitly stated in figures.* [Emphasis supplied.]

With deference to the Court of Appeals we have adhered to the theory of *J. B. Steinel, supra*, and refused to follow the reversal of the *Baker* case. *James M. Fidler*, 20 T. C. 1081, p. 1092. Here we do not think we are again faced with the problem of whether to defer to the appellate court, for here we do have a "sum" which is "explicitly stated in figures," both in the agreement of the parties and the divorce decree. Both the agreement and the decree provide for the payment by the husband of "the sum of Twenty-four Thousand dollars ($24,000.00)."

That we need not face the reversal of the *Baker* case is borne out by the decision of the Court of Appeals for the Third Circuit in *Smith's Estate* v. *Commissioner*, 208 F. 2d 349, reversing in part and affirming in part a Memorandum Opinion of this Court. The agreement before the court there provided: First, that the husband shall pay to the wife the sum of $25,000 in 10 equal semi-annual installments of $2,500 each; second, that the husband, in addition, shall pay to the wife the sum of $300 every month for a period of 5 years; and third, that the husband, also in addition, shall pay $100 per month to the wife for the period of her natural life. All payments were to cease upon the death of the husband or upon the death or remarriage of the wife.

The Tax Court held that the $2,500 and the $300 payments were "installment" payments and not deductible by the husband, the $25,000 being a "principal sum" in the case of the $2,500 payments and a "principal sum" being ascertainable in the case of the $300 payments,

following the theory of the *Steinel*, *Orsatti*, and *Fleming* cases. The Third Circuit affirmed our decision with reference to the $2,500 payments despite the taxpayer's argument that it was covered by the Second Circuit's decision in the *Baker* case, saying it found nothing in that case "to change what seems to us an obvious installment payment under this contract to a 'periodic' payment," in the face of the fact that such payments were contingent upon the death or remarriage of the wife or the death of the husband. With respect to the $300 payments, the Third Circuit reversed and followed the theory of the *Baker* case.

We are cognizant of the fact that other Courts of Appeals have approved the theory expressed in the *Baker* case. *James M. Fidler* v. *Commissioner*, (C. A. 9) 231 F. 2d 138, reversing in part 20 T. C. 1081; *Clay W. Prewett, Jr.* v. *Commissioner*, (C. A. 8) 221 F. 2d 250, reversing 22 T. C. 270; *Davidson* v. *Commissioner*, (C. A. 9) 219 F. 2d 147; but in none of those cases did the Courts of Appeals have before them a situation precisely like the one before us.

Before concluding, an alternative contention made by petitioner can be disposed of. He argues that if we should hold that the questioned payments are *installment* payments, nevertheless they would be deductible under section 23 (u) because the principal sum obligation may be or is to be paid within a period ending more than 10 years from the date of the decree. This contention is without merit. The decree is dated April 19, 1950. It provided that the sum of $24,000 "shall be payable as follows: the sum of two hundred dollars ($200.00) shall be paid on the first day of each calendar month thereafter until the full sum of twenty four thousand dollars ($24,000.00) has been paid." The last payment, therefore, would be due and payable on April 1, 1960, 18 days *before* the expiration of a period of 10 years from the date of the decree. Petitioner argues that the last payment could be paid anytime in the month of April 1960. This argument is not valid in view of the specific language of the decree that each payment "shall be made on the first day of each calendar month." In this respect the case differs from *United States* v. *Reis*, (C. A. 10) 214 F. 2d 327, where the payments were to be made $300 "per month commencing April 1, 1947." The court there held that the language used should be construed to mean that the $300 was payable during the month and that the words "commencing April 1, 1947" designate the month when the payments began.

Reviewed by the Court.

*Decision will be entered in accordance with the stipulation of the parties.*