**Benjamin F. BIRDWELL, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 15974.

United States Court of Appeals
Fifth Circuit.

June 28, 1956.

Herman M. Baginsky, Cobb & Wright, New Orleans, La., for petitioner-appellant.

Charles K. Rice, Asst. Atty. Gen., Dept. of Justice, Lee A. Jackson, Atty., Dept. of Justice, John Potts Barnes, Chief Counsel, Internal Revenue Service,

Charles E. Lowery, Sp. Atty., Internal Revenue Service, Harry Baum, Atty., Dept. of Justice, Stanley P. Wagman, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

PER CURIAM.

When this cause was submitted to the Tax Court on a stipulation of the facts, the question presented for decision and argued there was whether, despite the contrary holdings of the courts of appeals,[1] the Tax Court should adhere to its prior ruling that payments of the kind in question were not "periodic payments" within the meaning of Section 22(k) I.R.C.1939, 26 U.S.C.A.

With a constancy and fidelity deserving of a better cause and fate, the tax court judge stood fast and, declaring in an unreported opinion, "The question is answered in the affirmative by John A. Isfalt, 24 T.C. 407 [497], from which this proceeding is indistinguishable in principle", he sustained the commissioner's determination.

■ Declaring that by failure to include in his assignments of error the commissioner's penalty determinations, petitioner was foreclosed from contesting them, the Tax Court, going on to say that on their merits the contentions with respect to them must be rejected, sustained these determinations too.

Here, in a brief, discussing and analyzing the stipulated facts and marshaling the authorities in support, petitioner urges upon us that the decision was ill-advised throughout and must be reversed.

Stating in his brief, "In view of the contrary holdings of the courts of appeals, the commissioner no longer relies upon" the ground put forward by the tax court judge for his decision, that the payments were not periodic, and, seizing, as a ground for affirmance, upon the verbal trial balloon [2] tentatively sent up by the judge, but expressly rejected by him as a ground for his decision, a ground affirmatively shown by the stipulation to be contrary to the record, the commissioner urges upon us that the order should nevertheless be affirmed.

We cannot at all agree. As the commissioner correctly states in his brief, "the facts dispositive of whether the payments in question were made subsequent to the decree have been stipulated". The stipulation declares in paragraph 5(D), (I), (J), and (K), that the properties were transferred and the payments made to his wife, "pursuant to the agreement of the parties and the judgment of the Jefferson Circuit Court in the divorce proceedings", and there was not, as of course there could not be without amending the stipulation or setting it aside, any proof or sound basis for a conclusion to the contrary.

■ Besides, the deficiencies were determined by the commissioner, and the case was tried and determined below upon the theory which the stipulation of the parties and the common sense view of what the parties must for their own protection have done inescapably shows to have been correct, that deed and payments were made pursuant to the decree,

---

1. Baker v. Commissioner, 2 Cir., 205 F.2d 369; Davidson v. Commissioner, 9 Cir., 219 F.2d 147; Myers v. Commissioner, 9 Cir., 212 F.2d 448; Prewett v. Commissioner, 8 Cir., 221 F.2d 250; Scofield v. Greer, 5 Cir., 185 F.2d 551.

2. *"Because it is not discussed by the parties we are reluctant to rest the present result on another phase of the matter. But the fact seems to be that the payments of cash and conveyance of property took place on Dec. 6 and Dec.* 7, 1950, whereas the decree was not entered until Dec. 19. The statute expressly requires that, to be deductible, payments must be 'received subsequent to such decree.' In fact, the burden of an affirmative showing in this respect rested upon petitioner. Smith's Est[ate] v. Commissioner [3 Cir.], 208 F.2d 349. Certainly this has not been discharged. In any event, for the reason first discussed we reject the assertion that any payments under the divorce decree were deductible." (Emphasis supplied.)

**114**

and it is not open to the commissioner to have another try at it on another theory.

The decision of the tax court was wrong throughout. It is reversed with directions to disallow the deficiencies and penalties claimed. *Parturient montes nascetur ridiculus mus.*

Reversed with directions.