Louis Reinheimer v. Commissioner. Louis Reinheimer and Dorythe Reinheimer v. Commissioner.
Reinheimer v. Commissioner
Docket Nos. 53987, 53988.
United States Tax Court
T.C. Memo 1957-10; 1957 Tax Ct. Memo LEXIS 244; 16 T.C.M. (CCH) 56; T.C.M. (RIA) 57010; January 23, 1957
*244 Petitioner by an instrument incident to a divorce agreed to pay to his wife $87,000 alimony in gross "payable in periodic payments during a period ending more than ten (10) years" but with the time of such payments being so specified that the last payment was due and payable 21 days short of 10 years from the effective date of the agreement. Held, such payments not installment payments of alimony deductible by petitioner under sections 22(k) and 23(u) of I.R.C. 1939.
Held, also, amount of certain entertainment expenses determined under rule of Cohan v. Commissioner, 39 Fed. (2d) 540. John N. Vander Vries, Esq., and Walter F. Mehrlich, Esq., for the petitioners. Thomas J. Donnelly, Jr., Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency in income tax of the petitioner Louis Reinheimer (hereinafter referred to as petitioner) for the taxable year 1947 in the amount of $2,962.17 and in the income tax of the petitioner and his wife for the taxable years 1948 and 1949 in the respective amounts of $1,045.16 and $3,401.72. It is conceded that respondent correctly disallowed deductions of bad *245 debt losses claimed for the taxable year 1948 in the amount of $5,155.67 and for the taxable year 1949 in the amount of $1,500. The two questions remaining for our decision are: (1) Whether the monthly payments totaling $8,700 a year, paid by the petitioner to his former wife during each of the taxable years 1947, 1948, and 1949 pursuant to a lump-sum property settlement and alimony agreement, were periodic payments within the meaning of section 22(k) and hence deductible under section 23(u) of the Internal Revenue Code of 1939. (2) Whether the petitioner incurred unreimbursed entertainment expense in connection with his business during each of the taxable years 1947, 1948, and 1949, and, if so, the amount of the expense substantiated. Findings of Fact The petitioner, Louis Reinheimer, is and was during the taxable years 1947, 1948, and 1949 a resident of Chicago, Illinois. His Federal income tax returns for these taxable years were filed with the then collector of internal revenue for the first district of Illinois. The returns for 1948 and 1949 were joint returns with his present wife Dorythe Reinheimer. In December 1944 the petitioner's former wife, Sadye Belle Reinheimer *246 (now Sadye Belle Lehman) began divorce proceedings in the Superior Court of Cook County, Illinois. Sadye Belle Reinheimer, for the purposes of such divorce action, employed as her attorney Robert E. Cantwell, Jr., who for many years had specialized in the field of domestic relations. Petitioner decided not to contest this action and did not employ counsel. At the invitation of Cantwell, petitioner conferred with Cantwell concerning a property settlement and alimony. After the petitioner and Cantwell had agreed upon the amount to be paid by the petitioner as alimony to his wife, Cantwell prepared a written property settlement agreement which was explained to both parties and executed by them on January 6, 1945. The agreement provides in its pertinent part as follows: "The Husband agrees to pay to the Wife, and she agrees to accept, as a lump sum property settlement and alimony in gross in full of her right, title and interest of every kind, nature, character and description whatsoever, in and to the property, income or estate which the Husband now owns or may hereafter acquire, the sum of Eighty-seven Thousand Dollars ($87,000.00), payable in periodic payments during a period ending *247 more than ten (10) years, as follows: Seven Hundred Twenty-five Dollars ($725.00) on the 15th day of January 1945, and a like amount on the 15th day of each and every month thereafter until said Eighty-seven Thousand Dollars ($87,000.00) had been paid in full." On February 8, 1945, a decree of divorce was entered in proceedings in the Superior Court of Cook County in favor of Sadye Belle Reinheimer and against the petitioner. In this decree the settlement agreement between the parties was approved and by reference made a part thereof. Pursuant to the provisions of this agreement the petitioner made payments to Sadye in the sum of $725 a month for each month commencing on January 15, 1945, and continuing through the year 1949, the amount so paid in each year commencing in 1945 and ending in 1949 being the sum of $8,700. The petitioner understood from his conversations with Cantwell that such payments were deductible by him, and on his income tax return for each of the years 1945, 1946, 1947, 1948, and 1949 claimed as a deduction the payments so made to Sadye during each of these years, the amount of such deductions so claimed in each year being the sum of $8,700. Sadye reported the *248 payments received by her pursuant to the settlement agreement as her taxable income in the years 1945, 1946, 1947, and 1948, but later successfully brought suit in the Federal District Court to recover the taxes paid thereon for the years 1946 through 1948. From 1941 until the year 1952 the petitioner and I. O. Baldessare owned the Rose Bowl Bowling Alley in Roseland, Illinois, as partners. The petitioner had a 60 per cent interest in this partnership including the profits and losses thereof. Eighty five per cent of the business of the bowling alley was derived from contracts with numerous bowlng leagues. The petitioner had unreimbursed expenses on behalf of the partnership for the entertainment of the officials of these bowling leagues in an effort to procure their business for the bowling alley. These expenses consisted of country club dues and the cost of the entertainment of the bowling leagues' officials at these clubs. The petitioner had no receipts, memoranda, or other records with respect to the amounts of his claimed unreimbursed entertainment expenses, but estimated that these expenses amounted to approximately one-half of his annual country club bills. The amounts for *249 which he claimed deductions on his income tax returns as unreimbursed business expenses were as follows: 1947
$321.09
1948
$673.18
1949
$493.82 The respondent disallowed in their entirety these amounts claimed by the petitioner. In the year 1947 the petitioner was a member of the Ravisloe Country Club at Homewood, Illinois. The annual dues of this country club for that year were $450. During the summer of 1947 the petitioner entertained groups of bowling league officials on several different occasions at this country club, buying meals, drinks, and golf privileges for his guests. The petitioner used this country club for his own private purposes infrequently in the year 1947. In the years 1948 and 1949 the petitioner was a member of the Idlewild Country Club and the annual dues were $450 plus $50 for a locker fee. During each of these years the petitioner entertained groups of bowling league officials on several occasions, buying meals, drinks, and golfing privileges for his guests. In each of these years 1948 and 1949 he only used the club for his private purposes on about six occasions, but on one occasion in 1948 he had a large party for fellow-officers *250 of the local Variety Club. The petitioner did not seek reimbursement from the partnership for his expenses incurred in entertaining league officials at his country club during 1947, 1948, and 1949. These expenses incurred by the petitioner in attempting to obtain business for the bowling alley were not reimbursed in any way by the partnership or the bowling alley. In each of the years 1947, 1948, and 1949 petitioner spent the sum of $300 in entertaining such league officials, and this sum constituted ordinary and necessary expenses of the petitioner's business in obtaining and maintaining the good will of the league officials whose leagues were bowling or being solicited to bowl at the partnership bowling alley. Opinion KERN, Judge: The first issue is whether the alimony payments made to petitioner's former wife are deductible under sections 22(k) and 23(u) of the Internal Revenue Code of 1939. These subsections allow the deduction from the husband's income of installment payments of the principal sum of alimony specified in the divorce decree or written instrument incident thereto if they are payable by the terms of the decree or instrument within a period ending more than 10 *251 years from the effective date of the decree or the instrument providing for the payments. The taxpayer has conceded that the alimony payments are not deductible if the settlement agreement is construed to provide for the payment of the alimony over a period of less than 10 years. The particular clause of the agreement which is the subject of controversy in this proceeding reads in part as follows: "The Husband agrees to pay * * * as * * * alimony in gross * * * the sum of Eighty-seven Thousand Dollars ($87,000.00), payable in periodic payments during a period ending more than ten (10) years, as follows: Seven Hundred Twenty-five Dollars ($725.00) on the 15th day of January, 1945, and a like amount on the 15th day of each and every month thereafter until said Eighty-seven Thousand Dollars ($87,000.00) had been paid in full." The taxpayer contends that the wording calling for "periodic payments during a period ending more than ten (10) years" expresses the intent of the agreement and of the parties to it, and that the schedule for making payments, which if followed would see the total amount paid in less than ten (10) years, is not controlling as to the length of the period of payment. *252 The respondent contends that the agreement definitely provides that all payments due thereunder would be made on the 15th day of each month beginning on January 15, 1945, and ending on December 15, 1954, some 21 days short of 10 years from the effective date of the settlement agreement, and are, therefore, not deductible by the husband. This same contract has been construed in conformity with respondent's present contentions in the case of Harold J. Lehman and Sadye Belle Lehman v. United States, 139 Fed. Supp. 10, affd. (C.A. 7, December 12, 1956), 239 Fed. (2d) 139. That case involved a sait brought in the Federal District Court for a refund of the taxes paid by petitioner's former wife (now married to Harold J. Lehman) resulting from her reporting as a part of her taxable income the payments received by her from petitioner during the first several years following their divorce. In that case the defendant's contention was directly contrary to the contention made by the respondent in the instant case. The Court of Appeals in affirming the lower Court, said: "The District Court correctly construed the property settlement and alimony agreement in holding *253 that the provisions for specific monthly payments modified and limited the general clause 'during a period ending more than ten (10) years' and that Reinheimer's obligation was completed on December 15, 1954. The final payment under the agreement was due and owing in a period less than ten (10) years from the date of the contract and the date of the divorce decree. * * *" The District Court, in considering this contract, held that an obligation to pay on a specified date, i.e., "on the 15th day of each and every month", cannot be interpreted to mean a later date. In this respect the District Court was in agreement with the opinion of this Court in John A. Isfalt, 24 T.C. 497, which distinguished therein on the same ground the case of United States v. Reis, 214 Fed. (2d) 327. In a further discussion of this contract, the District Court said as follows: "Where two clauses conflict, it is the duty of the court to determine which of the two clauses most clearly expresses the chief object and purpose of the contract. In such instances, a helpful rule, frequently applied in resolving apparent inconsistencies is that where a clause is general and broadly inclusive *254 in character and another clause is more limited and specific in its coverage, the latter should generally be held to operate as a modification and pro tanto nullification of the former. In the instant case the settlement agreement required the payment of $87,000 in order to effect the settlement of the respective rights of the parties. This was the purpose and objective of the parties. A clause which requires something to be done to effect the purpose of the contract is entitled to greater consideration than one which does not. The use of the general phrase 'during a period ending more than ten (10) years', which is ambiguous and uncertain, must yield to the more specific designation of scheduled payments. Under the terms of the contract the amounts and dates of payment are fixed and when carried through mathematically the payment of the total sum of $87,000 is completed on December 15, 1954." The one difference between the instant case and the Lehman case is that the latter was decided on the pleadings while in the instant case the Court heard the testimony of the petitioner and of the attorney in whose office the written agreement was prepared. The testimony of the latter only *255 proved his complete lack of memory concerning the transaction. The testimony of the petitioner was to the effect that he understood from conversations with the attorney that the payments called for by the agreement were deductible by him and that this understanding was a factor in persuading him to execute the agreement. There was no testimony by petitioner that he intended the times of the payments to be otherwise than those specifically provided for by the agreement. That petitioner had a misconception of the tax consequences of the contract, we accept; but there is no evidence that he intended that the due dates of the payments which he agreed to make should be different than those set out in the agreement. Therefore, we are unable to see how the record in this case will support a conclusion on this issue different from that reached in the Lehman case, since we are in complete accord with the construction placed upon the agreement in question by the District Court and the Court of Appeals in that case. The remaining issue is whether the petitioner is entitled to the deductions claimed in 1947, 1948, and 1949 for unreimbursed entertainment expenses. The evidence produced by *256 the taxpayer as to the amounts claimed for these deductions consisted solely of his own testimony. The record affords us only a general description of these entertaining activities and mere estimates of the amounts concerned. He testified that he belonged to a country club in each of the taxable years and that he entertained six to ten groups of prospective business customers each year at his club. The usual entertainment would consist of lunch, golf, drinks, and dinner. In spite of the fact that there were no receipts, memoranda, or other data regarding those expenses in evidence, we are convinced that the taxpayer did incur some of these expenses and that he was not reimbursed for them by the partnership. We believe that this is a proper situation in which to apply the doctrine of Cohan v. Commissioner, (C.A. 2) 39 Fed. (2d) 540, and we have done so in our findings. See Frederick S. Klein, 25 T.C. 1045. Decisions will be entered under Rule 50.