**Evelyn BARRETT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18945.**

United States Court of Appeals
Fifth Circuit.

Nov. 29, 1961.

M. Terry McNab, Mabry, Reaves, Carlton, Fields & Ward, Tampa, Fla., for appellant.

Don M. Stichter, Asst. U. S. Atty., Tampa, Fla., Paul E. Gifford, Asst. U. S. Atty., Edward F. Boardman, U. S. Atty., S. D. of Florida, Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges, and SIMPSON, District Judge.

BELL, Circuit Judge.

Appellant was convicted on all four counts of an information charging her with willful failure to file an income tax return for the years 1954 through 1957 in violation of Section 7203 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7203. It is undisputed that she failed to file the returns.

Appellant and her husband were divorced in 1948 and under the terms of an agreement made a part of the divorce decree the husband agreed to pay appellant $750.00 per month for five years and $500.00 per month thereafter until the death or remarriage of appellant. No principal or total sum of money or property was specified to be paid. It was agreed that the residence in the name of the husband and wife jointly with right of survivorship would remain the prop-erty of the husband and that the wife would sign any documents necessary to vest legal title in the husband in any property which the parties might own. Appellant agreed to assign and transfer to the husband certificates representing five hundred shares of stock in a named corporation. Both waived all claims in and to the estate of the other, including all claims for maintenance and support, dower, homestead or distributable shares in the real or personal estate of the other, and represented that the agreement settled all property rights between the parties. It provided that appellant accepted the same as constituting a waiver by her of all rights to alimony or otherwise, and of any debt or obligation for which the husband might be liable. The undisputed evidence was that the husband paid for the corporate stock and all other property accumulated during the marriage and that appellant had no property. It was also undisputed that the payments under the agreement were made during the tax years in question, and it is the taxability of these payments to appellant that forms the crux of this appeal, she having no other income.

The substantial questions are first, did the court err in failing to submit to the jury the question of whether the payments pursuant to the agreement were periodic payments within the meaning of section 71(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 71(a) (1) on which appellant would be liable for taxes, or installment payments within the meaning of section 71(c) (1) of the same statute on which no taxes would be due by appellant; and second, was there sufficient evidence to sustain a finding of willful failure to file the returns.

As to the first, section 71(a) (1) of the statute provides that the gross income of a wife, legally separated from her husband under a decree of divorce, includes periodic payments received after the decree in discharge of a legal obligation imposed on or incurred by the husband under the decree, or a written instrument incident thereto. However, section 71(c) (1) provides that for the

purposes of subsection (a) of the statute, installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, shall not be treated as periodic payments.

It has been many times held that the payments are periodic within the meaning of the statute where the monthly payments pursuant to such a decree are contingent and uncertain and may be reduced or terminated upon the happening of certain events, such as the death or remarriage of a wife, and a principal sum payable in money or property is not specified. Birdwell v. Commissioner of Internal Revenue, 5 Cir., 1956, 235 F.2d 112; Baker v. Commissioner of Internal Revenue, 2 Cir., 1953, 205 F.2d 369, $300.00 per month for one year and $200.00 per month for five years with payments to cease if wife died or remarried; Davidson v. Commissioner, 9 Cir., 1955, 219 F.2d 147, $250.00 per month for five years but to be reduced to $125.00 per month for the children if the wife remarried; Prewett v. Commissioner of Internal Revenue, 8 Cir., 221 F.2d 250, $270.00 per month alimony for two years, payment to cease in event of remarriage of wife; Myers v. Commissioner of Internal Revenue, 9 Cir., 1954, 212 F.2d 448, $250.00 per month for six years whether the wife remarried or not, agreement stated it was to settle property rights and provide support, but no specific or principal sum stated; Smith's Estate v. Commissioner of Internal Revenue, 3 Cir., 1953, 208 F.2d 349, $25,000 principal sum payable $2,500.00 per year over ten year period held to be installment payments, but payments under same agreement at $300.00 per month for five years and $100.00 per month thereafter for life or until remarriage of the wife held to be periodic payments; and Landa v. Commissioner, 1954, 93 U.S.App.D.C. 265, 211 F.2d 46, separation agreement recited $30,000.00 debt from husband to wife to be repaid at the rate of $200.00 per month on principal and interest but payments held to be periodic in view of husband's testimony

that mere lump sum settlement of alimony.

Here the facts fall squarely under the rule established by these authorities and the payments to appellant by her husband were periodic payments within the meaning of the statute. The payments were to terminate on the death or remarriage of appellant, and no principal sum in money or property was specified. The evidence did not warrant the submission of this question to the jury.

Appellant contends that the mere failure to file tax returns after having filed returns and paid taxes on the same type of income in prior years is not sufficient to show willfulness and therefore the verdict against appellant and the judgment of conviction thereon was not authorized. The evidence went further than this. Appellant testified that she sought advice regarding whether or not the income received from her former husband was taxable and was advised that it was. Appellant filed returns prior to 1953 but sometimes paid the taxes due later and on a piecemeal basis. On her 1953 return she denominated the payments as alimony. The climax came with a levy on the former husband in 1955 for the taxes due by appellant for the year 1953. The husband paid the taxes in six installments of varying amounts, the last of which was in April 1956. Appellant had on one previous occasion borrowed money from her former husband to pay her income taxes, and this was repaid. He deducted the payments made on the 1953 taxes under the levy from the payments due by him to appellant under the divorce decree.

The only defense offered by appellant was that she received a letter from her husband from which she understood "that the tax would be free," or gained the impression "that I was not to pay tax"; again that her husband would "take care of the taxes". She testified that she received this letter in 1955, after the levy, and after she had failed to make a return for the year 1954. The letter was not produced at the trial and the husband testified positively that he

wrote no such letter although it was clear that there was some communication between the former husband and appellant relative to the husband paying the 1953 taxes after the levy, and which appellant could have misunderstood. The daughter of appellant testified regarding the letter and that her recollection of it was that the husband would take care of the taxes, and that this was just after her mother had contacted the tax men about not paying her 1953 taxes, and that it was near the time of the levy. The question was for the jury under the unexcepted to instructions of the court, and the evidence formed a sufficient basis for a verdict against appellant and the judgment of conviction for willful failure to file income tax returns. United States v. Cirillo, 3 Cir., 1957, 251 F.2d 638, Cert. Den., 356 U.S. 949, 78 S.Ct. 914, 2 L.Ed.2d 843; Ripperger v. United States, 4 Cir., 1957, 248 F.2d 944, Cert. Den., 355 U.S. 940, 78 S.Ct. 428, 2 L.Ed. 2d 421; and United States v. Litman, 3 Cir., 1957, 246 F.2d 206, Cert. Den., 355 U.S. 869, 78 S.Ct. 118, 2 L.Ed.2d 75.

The judgment is
Affirmed.