Marcella C. SALAPATAS, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 18322.

United States Court of Appeals, Seventh Circuit.

July 20, 1971.

----◆----

John F. Kelly, Chicago, Ill., for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Tax Div., Richard Halberstein, Lee A. Jackson, Elmer J. Kelsey, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before DUFFY, Senior Circuit Judge, FAIRCHILD, Circuit Judge, and CAMPBELL, Senior District Judge.[1]

### FAIRCHILD, Circuit Judge.

Mrs. Salapatas, a taxpayer, has appealed from a decision of the Tax Court.[2] The Tax Court decided, as had the commissioner, that certain payments received from her divorced husband were income. It upheld the commissioner's determination of deficiencies and his additions to tax of 5% of the underpayments on the ground of negligence.[3] The issue was whether a series of payments of $50 per week were periodic payments under 26 U.S.C. § 71(a) or installment payments of a principal sum under 26 U.S.C. § 71(c).

The decree of divorce, dated February 27, 1958, provided that Mr. Salapatas shall pay to Mrs. Salapatas, if living, the total sum of $20,000 at the rate of not less than $50 per week, starting February 24, 1958; said sum shall be in lieu of all claims for alimony and child support, except for unusual expenses for the child; if Mrs. Salapatas shall die before full payment of $20,000, the obligation shall be terminated except that if the child shall then remain a minor, Mr. Salapatas shall support the child as may be ordered by the court; if Mr. Salapatas shall die before full payment, the balance shall become a charge against his estate.

The decree awarded Mrs. Salapatas the custody of the daughter of the couple. At the date of the decree she was 15 years of age and, assuming payments of $50 per week, would be a few months short of 23 at the time of the last payment.

The decree also provided for the conveyance to Mrs. Salapatas of her husband's interest in their home. There is no evidence that either party owned property other than the home, household furnishings, assigned to Mrs. Salapatas, Mr. Salapatas' personal effects, to be retained by him, and a cause of action for injuries sustained by Mrs. Salapatas, which was to be hers alone.

The weekly payments were all made, $12,400 being paid in the years under consideration.

Mrs. Salapatas contends that since the decree specified a total sum of $20,000, the applicable statute compels the conclusion that the weekly payments were installments of a principal sum and not income; that a treasury regulation, relied on by the commissioner and the Tax Court is invalid; and that even if valid, the facts require decision in her favor.

§ 71(a) (1) provides in part that a divorced "wife's gross income includes periodic payments * * * received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on * * * the husband under the decree * * *." § 215 permits the husband to deduct such payments.

----

1. Honorable William J. Campbell, Senior District Judge, Northern District of Illinois, is sitting by designation.

2. 28 T.C.M. 1205.

3. 26 U.S.C. § 6653(a).

§ 71(c) provides that for the purpose of § 71(a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree shall not be treated as periodic payments unless the principal sum is to be or may be paid over a period longer than ten years.

The $20,000 mentioned in the Salapatas decree was to be paid in less than ten years, but it was subject to reduction in the event of Mrs. Salapatas' early death. There is nothing in the record to suggest that the $20,000 figure represented a division or transfer of capital, and a good deal to suggest that it represented the aggregate of weekly support payments at an agreed rate and for an agreed period, terminable earlier in the event of her death.

A treasury regulation, 26 C.F.R. § 1.-71–1, was adopted in 1957, apparently for the purpose of modifying and clarifying the commissioner's position on questions of interpretation of the statute.[4]

In several cases prior to the adoption of the regulation, courts had decided whether a series of payments which must be completed within ten years were periodic payments or installments of a principal sum.

Baker v. Commissioner of Internal Revenue (2d Cir. 1953), 205 F.2d 369, held a series of monthly payments for five years periodic. Payments were terminable at the wife's death or remarriage and the court held the latter, at least, so unpredictable that there could not be said to be a principal sum. The court noted but left unanswered the question whether the failure explicitly to specify the total sum in the decree would always prevent the payments being deemed installments of a principal sum and the question whether, if the only contingency were the actuarially determinable one of the wife's death, the

principal sum could be said to have been specified.

Smith's Estate v. Commissioner of Internal Revenue (3rd Cir. 1953), 208 F.2d 349, held a series of ten $2,500 semi annual payments "obvious installment payment[s]" although the payments were terminable in the event of the death of the husband or the death or remarriage of the wife. The same agreement also provided for monthly payments continuing until one of the same contingencies, appearing to be in the nature of support payments.

Myers v. Commissioner of Internal Revenue (9th Cir. 1954), 212 F.2d 448, held that a series of $250 monthly payments for six years for support were periodic payments.

Davidson v. Commissioner of Internal Revenue (9th Cir. 1955), 219 F.2d 147, held that a series of $250 monthly payments for five years for support, subject to the contingencies of the wife's death or remarriage, were periodic payments.[5]

The regulation, so far as pertinent here, 26 C.F.R. § 1.71–1(d) (3) (i), provides that payments to be made over less than ten years are not installment payments under § 71(c) but are considered periodic payments under § 71(a) "only if such payments meet the following two conditions:

"(a) Such payments are subject to any one or more of the contingencies of death of either spouse, remarriage of the wife, or change in the economic status of either spouse, and

(b) Such payments are in the nature of alimony or an allowance for support."

The regulation also provides that if payments meet requirements (a) and (b), it is immaterial whether the aggregate amount of the payments to be made in the absence of the contingencies is explicitly stated in the decree. The regulation makes the nature of the payments (b) the determinant whether a finite

---

4. See 5 Mertens, Law of Federal Income Taxation, Sec. 31A.03.

5. See, also Prewett v. Commisioner of Internal Revenue (8th Cir. 1955), 221 F.2d 250.

series of payments, to be completed in less than ten years, but subject to one or more of the contingencies mentioned in (a), is to be a series of installments discharging a specified principal sum or a series of periodic payments.

The Salapatas payments were subject to one of the contingencies specified in (a) and the Tax Court found that they were in the nature of alimony or allowance for support, so that (b) was also fulfilled. This finding is adequately supported and not clearly erroneous. Thus the result reached by the Tax Court must follow from application of the regulation, if valid, even though the total to be paid in the absence of contingency was explicitly stated.

We think the regulation is within the reasonable bounds of interpretation of the statute.[6]

The purpose of the statute is to create a reasonably definite rule by which to distinguish, at least in an approximate way, between payments by a divorced (or legally separated) husband to his divorced (or legally separated) wife which represent a division of income for current needs of living from payments which represent a division or transfer of capital, and to shift the impact of the income tax from husband to wife with respect to the amounts of the former type of payment.[7]

To the extent the statute is open to differing interpretations, we think the regulation serves the purpose for which the statute was enacted and that the nature of the payments as alimony or support payments is material to the extent provided in the regulation.

Mrs. Salapatas also contends that the 5% additions to tax for negligent failure to report should be set aside. Neither she nor the government introduced evidence in the Tax Court bearing upon the question whether the omission of the periodic payments was due to negligence.

Since the taxpayer has the burden of proving that the commissioner's addition to tax on the ground of negligence is erroneous,[8] the Tax Court correctly sustained the commissioner's additions in the absence of proof that Mrs. Salapatas used reasonable care in deciding not to report the payments as income.

The decision of the Tax Court is affirmed.

6. See Bingler v. Johnson (1969), 394 U.S. 741, 750, 89 S.Ct. 1439, 22 L.Ed.2d 695.

7. Smith's Estate v. Commissioner of Internal Revenue (3rd Cir. 1953), 208 F.2d 349, 353 : "the distinction indicated in section 22(k), which provides for both the lump-sum payment, on which it would be quite unfair to tax the wife, and the month-to-month kind of payment for support, in which the Congress was seeking relief for alimony-paying ex-husbands."
   Bardwell v. C.I.R. (10th Cir. 1963), 318 F.2d 786, 789 : "One of the purposes intended by Congress in enacting this statute was that it would impose upon the person who actually received the use and benefit of income the responsibility for paying the taxes on that income. * * * Congress sought to accomplish this while at the same time permitting a divorced wife or husband to receive a division of capital tax free."
   Van Orman v. C.I.R. (7th Cir. 1969), 418 F.2d 170, 172 : "We think the Commissioner was correct in regarding the rationale of Sections 215 and 71 * * * as contemplating only those payments which constitute the continuing support of the ex-wife, includible in her income and thus deductible by the ex-husband, as opposed to those which simply represent a division of marital assets."
   See Houston v. C.I.R. (7th Cir. 1971), 442 F.2d 40, decided May 4, 1971, No. 18264, 5.

8. Barton v. C.I.R. (7th Cir. 1970), 424 F.2d 1295.